### FOR THE

### COUNTY OF WASHINGTON,

### APRIL TERM, 1853.

PRESENT,

HON. ISAAC F. REDFIELD, CHIEF JUDGE.
HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

## TOWN OF FAYSTON v. TOWN OF RICHMOND.

*Appeal from the order of removal of a pauper.*

A statement of facts agreed upon by the parties, and filed in the county court, is subject to the control of the county court, the same as the pleadings in the case.

The *onus* of proving the warning out, of an inhabitant of a town, under the settlement act of 1801, falls upon the party claiming the benefit of such proceeding.

And if the warning out is not shown, by the party objecting to the settlement, it is presumed not to exist.

APPEAL from an order of removal, of one Leander Marshall and his wife and children, paupers, from the town of Fayston to the town of Richmond. Plea, that the last place of legal settlement of said paupers was not in Richmond, and trial by jury.

Fayston *v.* Richmond.

On trial, the plaintiffs offered witnesses to prove the issue on their part; to the introduction of witnesses the defendants objected, on the ground, that the facts had all been agreed to by the counsel of the respective parties, and reduced to writing, and signed by Maynard & Edmunds, as counsel for the defendants, and M. H. Sessions, as counsel for the plaintiffs, and filed with the clerk of the court, in this case, at a previous term of the court, and offered in evidence said written statement of facts, and claimed that all other evidence should be excluded on the trial.

It appeared, that such statements of facts had been agreed to, and signed by the counsel of the parties respectively, in this suit, and who were such counsel at the time it was so drawn up and signed, and from thence up to and at the time of trial, and that the same was caused by them to be filed in this case with the clerk, at the November term, 1851, as appears by the clerk's entry thereon.

It further appeared, that subsequently, at a term of said court previous to the present term, the plaintiffs made and filed a motion in court, for leave to withdraw said agreed statement of facts from the case, and that the court, on that occasion, granted the motion.

The court overruled the defendants' objection, and admitted the plaintiffs to introduce the evidence of witnesses, the same as if no agreed statement of facts had been filed.

After the plaintiffs had rested their case, the defendants again offered the said statement of facts, in evidence to the jury, and claimed that it was conclusive of the facts therein stated; but if not conclusive, then it was admissible as evidence to the jury; to which the plaintiffs objected, and the court sustained the objection and excluded the paper, on the ground of the decision of the court at a former term, allowing the paper to be withdrawn from the case.

In order to show that Leander Marshall had a settlement in some other town in the state, prior to, and at the time, he commenced his residence in Richmond, so as to enable him to gain a settlement in Richmond, by seven years residence, the plaintiff offered testimony tending to prove, that the father of Leander Marshall, while Leander was a minor, resided in Waterbury, in this state, several years, while the act of 1801, in relation to settlement, was in force, and gained a settlement in that town, and that his son Leander gained a derivative settlement in that town

from his father; but neither party introduced any evidence tending to show whether the father of said Leander was or was not warned out of the town of Waterbury, during his residence there, agreeably to the act of 1801.

The defendants insisted, and requested the court to charge the jury, that the burden of proof was upon the plaintiff, to show that the father of the said Leander was not warned out of the town of Waterbury, agreeably to the act of 1801, and that without such proof, the evidence was insufficient to show a settlement of the father in Waterbury.

The Court,—PECK, J., presiding,—instructed the jury, that if they found such facts proved, as would give the father of the said Leander a settlement in Waterbury, in case he was not warned out, agreeably to the act of 1801, then they would be warranted in finding, and it would be their duty to find, that the father of Leander Marshall gained a settlement in Waterbury, although there was no evidence that he was not warned out; and that if the defendants claimed that he gained no settlement in Waterbury, by reason of having been warned out, agreeably to the act of 1801, the burden of proof was upon the defendants to show that he was thus warned out.

The jury returned a verdict for the plaintiffs. To the refusal of the court to charge as requested, in relation to the burden of proof, and to the decision admitting evidence offered by plaintiffs, and objected to by defendants, and to the decision excluding the agreed statement of facts, the defendants excepted.

*A. B. Maynard* and *G. F. Edmunds* for defendants.

*M. H. Sessions* and *F. F. Merrill* for plaintiffs.

1. A statement of facts is a part of the pleadings in the case, and subject to the control of the court, as much as any other part of the pleadings. In *Gregory* v. *Pierce*, 4 Met. 478, the court allowed an agreed statement of facts to be discharged. So in *Heywood* v. *Wingate*, 14 N. H., it is held that the authority of the court to set aside an agreed case, has often been exercised, and is not a question. See also, *Foot* v. *Colvin*, 2 Johns. 481. *Jackson* v. *Brownell*, 3 Johns. 140. *Hun* v. *Bowne*, 1 Caine, 23.

It must appear that the amendment was permitted in the court below, contrary to law, to justify the supreme court in setting aside the judgment. *Waterman* v. *Hall*, 17 Vt. 128.

2. The burden of proof was on defendants, to show that the pauper's father had been warned out of Waterbury. A *prima facie* settlement is made out, by proof of residence, unless a warning out is shown. *Pawlet* v. *Sandgate*, 17 Vt. 619. In *Wells* v. *Westhaven*, 5 Vt. 322, Judge WILLIAMS says : " There was no proof that " he was warned out during that residence ; this of course gave " him a settlement in that town." This was a case under the act of 1801, and the question arose as in the case at bar. See also, *Franklin* v. *Dedham*, 18 Pick. 544.

The opinion of the court was delivered by

REDFIELD, Ch. J. The agreed state of facts filed in the county court, was subject to the control of that court, the same as the pleadings in the case. And if the party had made a bad plea, or had admitted away his defence, or cause of action, by a demurrer, he is always allowed to withdraw, on terms. And this being matter of discretion with the county court, its exercise cannot be revised here, unless the facts upon which that court acted are spread upon the record.

In regard to the *onus* of proving the warning out, of an inhabitant of a town, under the settlement act of 1801, it has always been regarded as falling upon the party claiming the benefit of such proceeding. And if not shown by the party objecting to the settlement, it is presumed not to exist. These being the only questions reserved, the judgment is affirmed.

It is obvious that after the case stated, for any reason is discharged, or allowed to be taken off the file of the cause, it ceases to have any binding force in the cause. It is either what it purports on its face, the case, and the whole case, or it is nothing.